IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action Nos.   1:22-mc-0014-WJM-SKC
1:22-mc-0015-WJM-SKC
1:22-mc-0016-WJM-SKC
1:22-mc-0017-WJM-SKC

*In the Matter of Subpoenas to Non-Parties DISH Network Corporation, DISH Network L.L.C., DISH DBS Corporation, DISH Technologies L.L.C., and EchoStar Corporation*

TQ DELTA, LLC,

    Plaintiff,

v.

COMCAST CABLE COMMUNICATIONS LLC,
COXCOM LLC and COX COMMUNICATIONS INC.,
TIME WARNER CABLE INC.,
TIME WARNER CABLE ENTERPRISES LLC, and
VERIZON SERVICES CORP.,

    Defendants.

---

**ORDER DENYING PLAINTIFF'S OBJECTIONS TO MAGISTRATE [JUDGE]'S MINUTE DISCOVERY ORDER**

---

These four related cases are before the Court on Plaintiff TQ Delta, LLC's Objections to Magistrate [Judge]'s Minute Discovery Order ("Objections"). (Civil Action No. 22-mc-0014, ECF No. 18; Civil Action No. 22-mc-0015, ECF No. 19; Civil Action No. 22-mc-0016, ECF No. 19; Civil Action No. 22-mc-0017, ECF No. 22.)  Non-parties DISH Network Corporation, DISH Network L.L.C., DISH DBS Corporation, DISH Technologies L.L.C., and EchoStar Corporation filed responses.  (Civil Action No. 22-

mc-0014, ECF No. 19; Civil Action No. 22-mc-0015, ECF No. 20; Civil Action No. 22-mc-0016, ECF No. 20; Civil Action No. 22-mc-0017, ECF No. 23.)  The same Minute Order was entered in each case.  (Civil Action No. 22-mc-0014, ECF No. 15; Civil Action No. 22-mc-0015, ECF No. 16; Civil Action No. 22-mc-0016, ECF No. 16; Civil Action No. 22-mc-0017, ECF No. 19.)

For the reasons explained below, Plaintiff's Objections are overruled, and the Magistrate Judge's Minute Order is affirmed.

## I. BACKGROUND

In four underlying patent infringement cases (involving the respectively listed patent defendants), Plaintiff issued subpoenas to non-parties DISH Network Corporation, DISH Network L.L.C., DISH DBS Corporation, DISH Technologies L.L.C., and EchoStar Corporation, seeking a "Confidential Settlement and Patent License Agreement" dated April 29, 2011, between DISH, EchoStar, and TiVo Inc.  (Minute Order at 1.)  The purported purpose of the subpoena for the license agreement was for Plaintiff to establish its damages (in the form of a reasonable royalty) against the patent defendants.  (*Id.* at 2.)  The non-parties filed Motions to Quash each subpoena, arguing its license agreement with TiVo is not relevant or necessary to the patent litigation and would cause competitive harm to DISH and EchoStar.  (*Id.* at 1–2.)

On April 19, 2022, the Magistrate Judge issued the Minute Order denying the Motions to Quash in all four cases.  First, the Magistrate Judge concluded that Plaintiff "failed to meet its burden of establishing the relevance of the TiVo license agreement to its underlying patent cases."  (Minute Order at 2.)  The Magistrate Judge explained that Plaintiff's products at issue in the underlying patent cases involve communication

2

between multiple television set top box receivers, whereas the products at issue in the TiVo license agreement involve pausing live television and video recording for purposes of time-shifting.  (*Id.*)  As such, the Magistrate Judge found that other than establishing the fact that both products involve television set top box receivers, Plaintiff failed to offer support for its assertion that the products are sufficiently analogous to make the discovery it seeks relevant.  (*Id.*)  In light of Plaintiff's heightened burden, the Magistrate Judge ruled that Plaintiff failed to establish relevance.

Next, the Magistrate Judge observed that even if Plaintiff had sufficiently established the relevance of the agreements, he would still have concluded that a protective order was necessary.  (*Id.*)  As an initial matter, he observed that the patent defendants in the underlying patent cases are competitors of DISH and EchoStar and that various courts in the District of Colorado have presumed that disclosure to a competitor is more harmful than disclosure to a noncompetitor.  (*Id.* (citing cases).)  Additionally, the Magistrate Judge noted that the TiVo license agreement is subject to a protective order and has been marked "highly confidential" in separate litigation between DISH, EchoStar, and Plaintiff.  (*Id.*)

Given that each of the patent defendants is party to a settlement and license agreement with TiVo, the Magistrate Judge stated that Plaintiff "is not without alternative avenues to obtain similar information that is[] perhaps even more relevant to its damage calculation in each patent infringement case."  (*Id.* at 3.)  Therefore, on balance, the Magistrate Judge concluded that a protective order was warranted and granted the Motions to Quash.  (*Id.*)

## II. STANDARD OF REVIEW

"Discovery is a nondispositive matter . . . ." *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997). When reviewing an objection to a magistrate judge's non-dispositive ruling, the Court must affirm the ruling unless it finds that the ruling is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Ariza v. U.S. West Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996). The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (internal quotation marks omitted). The "contrary to law" standard permits "plenary review as to matters of law," see 12 Charles Alan Wright *et al.*, Federal Practice & Procedure § 3069 (2d ed., Apr. 2016 update), but the Court will set aside a magistrate judge's order only if it applied the wrong legal standard or applied the appropriate legal standard incorrectly, *see Wyoming v. U.S. Dep't of Agric.*, 239 F. Supp. 2d 1219, 1236 (D. Wyo. 2002). In short, "[b]ecause a magistrate judge is afforded broad discretion in the resolution of non-dispositive . . . disputes, the court will overrule the magistrate judge's determination only if his discretion is abused." *Ariza*, 167 F.R.D. at 133.

## III. ANALYSIS

**A.     Legal Standard**

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of permissible discovery. Fed. R. Civ. P. 26(b)(1). The Rule permits discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. *Id.* Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination

4

of the action more or less probable than it would be without the evidence." Fed. R. Evid. 401.

Moreover, in considering whether the discovery sought is proportional, a court weighs the importance of the discovery to the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id.*

In addition, Rule 26(b)(2) governs limitations on the extent of discovery. Under this Rule, the court, "[o]n motion or on its own, . . . must limit the frequency or extent of discovery otherwise allowed" if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). "This rule incorporates the Rule 26(b)(1) proportionality standard, which the court should always consider in resolving discovery disputes." *Est. of Medina v. Samuels*, 2022 WL 79862, at *3 (D. Colo. Jan. 7, 2022) (quoting *Atl. Specialty Ins. Co. v. Midwest Crane Repair, LLC*, 2020 WL 5118067, at *5 (D. Kan. Aug. 31, 2020)).

The Advisory Committee Notes to the 2015 Amendments make clear that the party seeking discovery does not bear the burden of addressing all proportionality considerations. Advisory Comm. Notes to Fed. R. Civ. P. 26(b)(1). "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would

5

outweigh the ordinary presumption in favor of broad disclosure." *Est. of Medina*, 2022 WL 79862, at *2 (quoting *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 350 (D. Colo. 2004) (citations omitted)). Conversely, "when a request for discovery is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request." *Id.* (quoting *Cunningham v. Standard Fire Ins. Co.*, 2008 WL 2668301, at *1 (D. Colo. July 1, 2008)). The court may also consider the fact that the discovery sought is directed at a nonparty, and in such case, the ordinary burden imposed under Rule 26 is generally greater. *Id.* (citing *Echostar Commc'ns Corp. v. News Corp.*, 180 F.R.D. 391, 394 (D. Colo. 1998)).

**B.     Objections**

    1.     <u>The Magistrate Judge Applied the Correct Legal Standards</u>

In its Objections, Plaintiff argues that the Magistrate Judge "applied an erroneous standard for assessing relevance for purpose of discovery." (Objections at 2.) Specifically, Plaintiff maintains that rather than decide relevance, the Magistrate Judge instead assessed whether the license was sufficiently analogous, which Plaintiff asserts is a question of weight and admissibility, not relevance. (*Id.*) Plaintiff also asserts that the Magistrate Judge erroneously made "sweeping factual assumptions regarding the relevancy [of] other licensing agreements" to conclude that Plaintiff has other means of obtaining similar information.

The Court disagrees. As an initial matter, the Magistrate Judge cited *Echostar Commc'ns Corp. v. News Corp.*, 180 F.R.D. 391 (D. Colo. 1998) and Federal Rule of Civil Procedure 26 in reciting the applicable legal standards. A "Citing References" search in Westlaw demonstrates that to this day, courts in this District continue to rely on *Echostar* and the standards set forth therein. Moreover, in arguing against the

standards cited by the Magistrate Judge, Plaintiff merely cites other non-binding District of Colorado and other district court opinions, not binding Tenth Circuit or Supreme Court opinions.

With respect to the relevance of the TiVo license sought by Plaintiff, the Magistrate Judge made undisputed observations about the fact that the technology involved in the TiVo license is different than the products involved in the underlying litigation. (Minute Order at 2.) Relying on these observations, the Magistrate Judge made factual findings regarding Plaintiff's failure to demonstrate the relevance of the TiVo license. (*Id.*) The Court concludes that such findings are not clearly erroneous.

Relatedly, Plaintiff argues that the Magistrate Judge "applied an erroneous standard for assessing the harm to Movants." (*Id.* at 3.) "Instead of requiring the movants to show a clearly defined and serious injury as the law requires, the Order found the mere assertion that the document was 'subject to a protective order and [] marked 'highly confidential'' to the SEC was sufficient to warrant quashing the subpoenas." (*Id.*)

Despite these arguments, the Court finds that the Magistrate Judge applied the correct standards and his findings were not clearly erroneous. *In addition* to relying on the confidential nature of the TiVo license, the Magistrate Judge also relied on the competitive harm to DISH and EchoStar that would occur if disclosure to their competitors was permitted—a permissible consideration under these circumstances. (Minute Order at 2.) *See Echostar,* 180 F.R.D. at 395 (D. Colo. 1998) (quoting *R & D Bus. Sys. v. Xerox Corp.*, 152 F.R.D. 195, 197 (D. Colo. 1993)) ("Courts have presumed that disclosure to a competitor is more harmful than disclosure to a noncompetitor.")

7

Therefore, the Court overrules Plaintiff's objections on these issues.

    2.    <u>The Magistrate Judge Did Not Improperly Impose a Higher Burden on Plaintiff</u>

Plaintiff argues that the Magistrate Judge "compounded [his] errors by erroneously applying a 'high burden' for [Plaintiff]." (Objections at 3.) Instead, Plaintiff maintains that the proper burden is on the movants to show the subpoena should be quashed. (*Id.*)

However, courts in this District have observed that "[t]he court may also consider the fact that the discovery sought is directed at a nonparty, and in such case, the ordinary burden imposed under Rule 26 is *generally greater*." *Est. of Medina*, 2022 WL 79862, at *3 (citing *Echostar*, 180 F.R.D. at 394) (emphasis added). Such is the case here. The discovery requests are directed at non-parties, increasing the burden on Plaintiff. The Court finds the Magistrate Judge did not err in imposing this "generally greater" burden on Plaintiff and overrules Plaintiff's objection.

    3.    <u>The Magistrate Judge Did Not Engage in Erroneous Speculation</u>

Plaintiff argues that the Magistrate Judge erred in speculating that it could obtain similar and perhaps more relevant information elsewhere. (Objections at 3.) Rule 26 advises that Rule, the court, "[o]n motion or on its own, . . . must limit the frequency or extent of discovery otherwise allowed" if it determines that "the discovery sought is unreasonably cumulative or duplicative, *or can be obtained from some other source that is more convenient, less burdensome, or less expensive*." Fed. R. Civ. P. 26(b)(2)(C)(i) (emphasis added). Here, the Magistrate Judge observed that "each of each of the patent defendants is party to a settlement and license agreement with TiVo. Thus, TQ Delta is not without alternative avenues to obtain similar information that is, perhaps

even more relevant to its damage calculations in each patent infringement case." (Minute Order at 3.) It was not speculative or unreasonable for the Magistrate Judge to extrapolate that Plaintiff has alternative options to obtain relevant damages comparisons from its own license agreements with the patent defendants. The Court overrules Plaintiff's objection on this point.

## IV. CONCLUSION

For the reasons explained above, the Court ORDERS that:

1. Plaintiff's Objections (Civil Action No. 22-mc-0014, ECF No. 18; Civil Action No. 22-mc-0015, ECF No. 19; Civil Action No. 22-mc-0016, ECF No. 19; Civil Action No. 22-mc-0017, ECF No. 22) are OVERRULED;

2. The Minute Orders are AFFIRMED; and

3. These cases remain closed.

Dated this 21st day of December, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge